Bell vs. Simonds & Morrison.

## JOHN M. BELL vs. SIMONDS & MORRISON.

Where a defendant pleads to the merits of a bill, and the plea is found in their favor, the bill should be dismissed absolutely.

## ERROR to St. Louis Circuit Court.

### STATEMENT OF THE CASE.

In the year 1841, the complainant engaged with the defendants to put up and to ship to them —he then residing at Glasgow, Missouri, and they in the city of St. Louis—a certain quantity of tocacco, which they were to receive at St Louis, reship thence, and sell on his account. They also engaged to advance him such sums of money from time to time, as he might stand in need of in his said business of putting up tobacco. The terms on which said advances were to be made, were, that they, the defendants, would allow the complainant one hundred dollars in advance on each and every hogshead of tobacco put up as aforesaid, and he, the complainant, agreed to pay at the rates of ten per cent. per annum interest, upon all advances thus made, but the interest was to be stopped upon the receipt of the tobacco in St. Louis by the defendants. Said defendants were to receive the tobacco, as aforesaid, reship the same, effect insurance on it, and in due time to sell, and account to the complainant for the proceeds, including the inland and sterling exchange on all bills drawn on said tobacco, four per cent. commission to said defendants was to be in full satisfaction for doing said business.

This business arrangement extended throughout the greater part of two years. In 1845, the claimant was furnished with a final account current. Difficulties then arose as to the matters of interest and exchanges, and also as to some particular items of charge in said account. The parties agreed to submit, and did submit these matters in difference, to arbitration. They entered into bonds to abide the decision of such arbitrament. By mutual agreement they had recourse to the chamber of commerce in the city of St. Louis, to arbitrate and decide upon said matters of difference. Chas. Tucker, A. G.Switzer and Edward Brooks, members of said chamber of commerce, were by said chamber appointed a committee to decide said matters of difference. The said committee met at the office of the chamber of commerce in the city of St. Louis, on the sixth day of May, 1845, both parties being then and there present. The said committee having then and there heard each party in regard to said matters of difference, and having considered the respective rights ot each party, did then and there make their decision, arbitrament and award, and which they styled and so ordered to be entered upon the books of the said chamber of commerce as award No. 56, and it was accordingly so entered upon the books of the chamber of commerce.

They awarded among other things, that the fee and costs attending the arbitration, should be paid by Simonds & Morrison.

On the 28 h of May, 1845, the said arbitrators had another meeting, and at said meeting, in the absence of Bell, and there being no one authorized to represent his interest, they made what they called a supplemental award, and caused it to be so entered on the books of the chamber of commerce. Again, on the 13th of June they met. The complainant was then present at this meeting for the purpose of protesting, and did then and there protest against their proposed action.

Finding that they were resolved on taking further action in the matter, notwithstanding his protest, he offered to introduce evidence for their consideration, but they refused to hear it. They made, at this meeting, (13th June, 1845,) another supplemental award, and had it so en-

tered on the books of the chamber of commerce; and on the 20th day of June, they had another meeting at which the complainant was not present, and by no one represented. They caused their acts and doing at this meeting to be entered also on the books of the chamber of commerce. Soon after said action by the arbitrators, on the 20th of June as aforesaid, Simonds & Morrison caused the complainant to be notified of the action of said arbirators, and tendered to him the amount awarded, which he refused to receive.

Then complainant brought his bill in chancery to set aside said award, and for other relief.

To which said bill, the said defendants filed their plea and answers, in substance as follows: That said defendants, not confessing or acknowledging all or any of the matters and things in the said complainant's bill of complaint mentioned and contained to be true, for plea to the whole of said bill, except as to the discovery in relation to the conduct of said arbitrators, say that the matters and things stated and charged against the said defendants in the said bill were by them, the said complainant and the said defendants heretofore, to wit: On the 5th day of May, 1845, submitted to the award, arbitrament and determination of A. G. Switzer, Edward Brooks and Charles L. Tucker, the committee of arbitration of the St. Louis chamber of commerce, which said submission was in writing. And afterwards, to wit, one the 20th of June, 1845, the said arbitrators made an award in writing, and thereby after reciting that they found the sum of six hundred and ninety-seven dollars and ninety-six cents to be due from the said Simonds & Morrison to the said Jno. M. Bell, awarded that the said sum of money should be paid by the said Simonds & Morrison to said Bell, deducting the sum of ten dollars to be paid to John A. Dougherty for making an examination of the accounts—a copy of which award is herewith filed. And these defendants further aver, that the said arbitrators acted in good faith, without corruption, partiality, favor, bias or affection, in making said award, and that they did not refuse to admit any evidence offered by said complainant at any time during the hearing of the matters in dispute, and that the said arbitrators did not at any time receive any evidence on the part of said defendants, except in the presence of said complainants or his agent. And these defendants further aver, that they were not guilty of any improper conduct in procuring said award to be made; and answer to the residue of said complainant's bill, not hereinbefore pleaded unto, answering, say: That said arbitrators were not induced to change any principles adopted by them, as those upon which their award was to be made by any exparte statement made in behalf of said defendants, or made by them to said arbitrators in the absence of said complainant. That these defendants have no knowledge of any offer made by said complainant, to produce any evidence before said arbitrators, which was by them rejected, but the defendant, Wm. M. Morrison, has heard and believes that after the arbitrators had heard all the evidence which the respective parties had to offer, and after the arbitrators considered the case closed, the said complainants remarked to the arbitrators, that he wished to offer some other evidence, and they, under the circumstances, declined to open the case and receive other evidence on either side. These defendants further answer, that they did not at any time during the hearing of the said case before said arbitrators, nor in making their award, exercise, or attempt to exercise any influence over said arbitrators adverse to said complainants interest, nor did they have private interviews with said arbitrators during their deliberations, on the matter in their award embraced, except that the defendant, Wm. M. Morrison, had conversations in relation to duties required by the arbitrators to be performed by the defendants in making up the accounts directed to be made by the arbitrators. Nor did the said arbitrators, in the absence of the said complainant and his agents, in any private or exparte manner receive testimony, or that which they acted upon as proof from these defendants or either of them; nor did they receive the books of these defendants as evidence, or supplying evidence in the absence of the said complainant. The said arbitrators had before them, on the hearing of the case, and in the presence of the complainant, books and papers of the said defendants, and such books and papers were then and there examined as well by the complainant as by the arbitrators, he, the complainant himself calling upon these defendants for the production of certain of these papers. But the said

---

Bell vs. Simonds & Morrison.

---

arbitrators had never before them any other of the books and papers of these defendants than were thus before them at the hearing of the case. These defendants further say, that according to the best of their knowledge and belief, the said arbitrators were not guilty of any misconduct in their proceedings in said case, and did nothing to the injury of the said complainant.

These respondents, in answer to the first interrogatory in the complainants bill, say, that they did not, and each answering for himself respectively, says, that he did not hold private conversations with the said arbitrators, or either of them, on the subject matter of the accounts then before them for their action as arbitrators, except as is above stated, that the defendant, Wm. M. Morrison, had conversation with all, or some of the arbitrators, in relation to the duties which the arbitrators required him to discharge in making up the accounts as they directed.

To the second interrogatory, these defendants each for himself answers, that he has no recollection of any inquiries respecting the accounts between the parties, being made of him by any of the arbitrators except upon the hearing of the case, and in the presence of both parties ; nor were the arbitrators, or either of them, shown the books of these defendants at any other time than at the hearing of the case, and in the presence of the complainant, except that the defendant, Wm. M. Morrison, after the arbitrators had passed upon the principles upon which the award was to be based, and their determination as to these principles was known to both parties, and when by these principles a particular item in the account was adjudged in favor of the defendants, he did show to one of the arbitrators the entry in relation to that single item in the books of the defendants, merely to exhibit the manner in which the entries had been made, and certainly with no purpose to change the decision of the arbitrators already favorable to these defendants.

To the third interrogatory, these defendants answer each for himself, that the said arbitrators did not inspect the books and papers of these defendants, nor receive their statements in relation to any part of the accounts, except at the hearing of the case and in the presence of the complainant, where both parties exhibited their papers, and both parties made their statements, and where no objection was made to the competency of any evidence offered. The books and papers so exhibited, were in the possession or under the control of the arbitrators, after being produced before them at the hearing, and may have been by them inspected at other times during their investigation of the matters in dispute, but these defendants had no connection with any such inspection, if such was made, nor did these defendants, or either of them, ever refer the said arbitrators, or either of them, to any entry in their books, except in the hearing of the case, and except a single reference made to a single entry by the defendant, Morrison, as stated in the answer to the second interrogatory. These respondents repeat that no objection was made by the complainant to the competency of the books and papers produced by these defendants at the hearing before the arbitrators, but some of the papers produced were produced by these defendants at his request. And these defendants further say, that the books and papers exhibited by these defendants before said arbitrators, at the hearing, contained both sides of the account between the complainant and these defendants, and of course contained entries both in favor and against these defendants.

In answer to the fourth interrogatory, these defendants say that nothing was done in relation to the subject embraced in the three first interrogatories in the absence of the said complainant, except as is stated in the answer to the three first interrogatories.

To which said plea and answer, the said complainant filed his replications.

And afterwards the said cause came on to be heard upon the bill of the complainant. Plea and answers of the defendant, and the replications to the said plea and answers, and the evidence, given upon the hearing, and the defendants holding the affirmative of the issue. Whereupon the court duly considering the case upon the pleadings, exhibits, &c., adjudged, ordered and decreed in favor of the defendants, and dismissed the bill. To which the complainant there excepted. And upon the same day, the complainant, by his counsel, moved the court for a re-hearing, for reasons filed, but the court, upon the hearing of said motion, overruled

the same. To which opinion of the court, overruling said motion, the complainant by his counsel there excepted.

## BELL & GOODE, for plaintiff in error.

I. That the action of the arbitrators on the 6th of May, 1845, and which is designated by them as award No. 56, and so entered by them on their books, is in fact such an award as they were authorized to make, and is sufficient in itself for the purpose of their appointment.

II. That the fact that their said action on the 6th of May, 1845, not being final as to details, but requiring the aid of another in making out an account in conformity to their direction as given on the aforesaid 6th of May, does not affect the sufficiency and legal force of said award. Kyd on Awards, part 83 and 84; also; Emery vs. Wase, 5 Viz. pa. 848; McKinstry vs. Solomons; Peters vs. Piere, 8 Mass. p. 398.

III. That the action of the arbitrators subsequent to the 6th of May, 1845, in the absence of Bell, was in all respects other than in mere approval of what they had, on the said 6th of May, 1845, ordered to be done, actually null and void. Hollingsworth vs. Leiper, 1 Dallas 161; Peters vs. Newkirk, 6 Cowan 103.

## GAMBLE & BATES, for defendants in error.

I. The bill so states a submissive and a final and satisfactory award made on the 6th of May, 1845, that the complainant cannot come into a court of equity to open the acounts or to enforce the award, and therefore the bill was rightly dismissed.

A submission and award concludes the parties, as to the subject submitted. Watson on Arbitration 145; 2 Daniels Chancery Practice 192.

A court of chancery has no jurisdiction to enforce an award for the payment of money Watson 229.

If on the hearing it appears that a court of equity has no jurisdiction the bill will be dismissed. But if the paper of the 6th of May and that of the 28th of May called in the bill an award and a supplemental award are to be regarded, as without doubt they should be regarded as merely directions given by the arbitrators for the making out of accounts in the manner specified, upon which accounts when made out the arbitrators designed acting, then the bill that relates to the action of the arbitrators in giving those directions is in reality irrelevant to that case as it actually existed. In no part of the bill is any mention made of the real final award, although it appears in evidence that the complainant was aware that it had been made, and that money awarded had actually been tendered to him.

If any amount of liberality that can be extended to a party, will authorize us to consider the bill as a bill to set aside the real final award which is not mentioned in it, we proceed to consider the points that relate to that award under the pleadings in this case.

II. The second point, then, is that the complainant having replied to the plea, left nothing for the court to determine but the truth of the plea. By replying he admits that if true the plea is a full defence. 2 Daniels Ch. Practice 798; Story's Equity Pl. 542.

III. The evidence shows the submission and award as pleaded, and covering the whole of the complainant's bill, and disproves all allegations of defendants below that could affect the award. See 1 John Ch. R. 101, Herrick vs. Blair; ibid 432, Woodworth vs. Van Buskirk; 2 John Ch. R. 361, Underhill vs. Van Cortland.

## RYLAND, J., delivered the opinion of the court.

From the above very full statement of the facts in this cause, it will not be necessary for us to again repeat the object of the bill, the facts set up by the plea and the answer in support of it, or to detail the testimony.

The plea sets up an award upon the subject matters alleged in the bill. The proof is amply sufficient to sustain the plea, and there is not sufficient proof of any improper conduct on the part of the arbitrators. Upon the trial in the court below after hearing the evidence offered by the parties and their counsel, the court below dismissed the bill.

I have examined the facts as set forth in the bill, and I am satisfied that a demurrer to the same ought to have been sustained thereto in the lower court, if the defendants had thought proper to have taken that course.

But the defendants filed their plea, making a full defence to the whole bill, except that part seeking a discovery.

This plea was supported by the defendant's answer, and was amply proved by the testimony in the case. The chancellor below then was bound to dismiss the bill.

In reviewing the facts as set forth in the record, I am satisfied with the decree of the lower court. There is nothing requiring our action in reversing this whole case. We are not able to see how the chancellor could have done otherwise than he did. The practice is well established, that where the defendants plead to the merits of the bill, and the plea is found in their favor, that the bill should be dismissed. I had some inclination to reverse and dismiss without prejudice, but such a course is not warranted by the practice.

Let the decree, therefore, be affirmed.